| B. 104 (Rev 8/99) | **ADVERSARY PROCEEDING COVER SHEET** | Adversary Proceeding Number (For Court Use Only) |
|---|---|---|

| Plaintiff(s) | Defendant(s) |
|---|---|
| Keith A. Baker<br>477 Bullard Street<br>Holden, MA 01520 | Celco Partnership d/b/a Verizon Wireless, Bell Atlantic Mobile of Massachusetts Corporation, Ltd d/b/a Verizon Wireless, Afni, Inc., and Collecto, Inc. d/b/a Collection Company of America |

| Attorney(s) (Firm name, Address and Telephone Number) | Attorney(s) (if known) |
|---|---|
| Vladimir von Timroth 643553<br>Aframe, Barnhill, & von Timroth, P.A.<br>370 Main Street<br>Suite 975<br>Worcester, MA 01608<br>508-756-6940<br>Fax: 508-753-8219 | |

**Party** (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☒ 3 U.S. NOT A PARTY

**Cause of Action** (Write a brief statement of cause of action, including all U.S. Statutes involved)

Violation of the Automatic Stay provisions of 11 U.S.C. section 362(h)

**Nature of Suit**
(Check the most appropriate box only)

☐ 454 To recover money or property
☐ 435 To determine validity, priority, or extent of a lien or other interest in property
☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
☐ 424 To object or to revoke a discharge 11 U.S.C. § 727

☐ 455 To revoke an order of confirmation of a Chpt. 11, Chpt. 12 or Chpt. 13 Plan
☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
☐ 434 To obtain an injunction or other equitable relief
☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a Plan

☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action
☐ 459 To determine a claim or cause of action removed to a bankruptcy court
☒ 498 Other (specify)
Violation of the Automatic Stay provisions of 11 U.S.C. section 362(h)

**Origin Of Proceedings** (Check one box only)   ☒ 1 Original Proceeding   ☐ 2 Removed Proceeding   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another Bankruptcy Court   ☐ Check if this is a Class Action under F.R.C.P. 23

| Demand | Nearest Thousand<br>To be determined | Other Relief Sought | ☐ Jury Demand |
|---|---|---|---|

**Bankruptcy Case In Which This Adversary Proceeding Arises**

| Name of Debtor<br>Keith A. Baker | Bankruptcy Case No.<br>04-44906-JBR |
|---|---|

| District in Which Case is Pending | Divisional Office | Name of Judge |
|---|---|---|
| District of Massachusetts, Western Division | | Rosenthal |

**Related Adversary Proceeding (if any)**

| Plaintiff | Defendant | Adversary Proceeding No. |
|---|---|---|
| | | |

| District | Divisional Office | Name of Judge |
|---|---|---|
| | | |

**Filing Fee** (Check one Box Only)   ☐ Fee Attached   ☒ Fee Not Required   ☐ Fee is Deferred

| Date<br>April 27, 2005 | Print Name<br>Vladimir von Timroth 643553 | Signature of Attorney (or Plaintiff) |
|---|---|---|

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

In re:

KEITH A. BAKER,
Debtor

Chapter 7
Case #: 04-44906-JBR

KEITH A. BAKER,
Plaintiff,

vs.

CELCO PARTNERSHIP
d/b/a VERIZON WIRELESS, BELL
ATLANTIC MOBILE OF
MASSACHUSETTS CORPORATION,
LTD d/b/a VERIZON WIRELESS,
AFNI, INC., and COLLECTO, INC.
d/b/a COLLECTION COMPANY OF
AMERICA,
Defendants.

Adv. Proc. #:

## COMPLAINT

Keith A. Baker (hereinafter "Mr. Baker" and/or the "Plaintiff" and/or the "Debtor"), the Debtor in the above referenced case, through his counsel, Aframe Barnhill & von Timroth, P.A., files this Complaint seeking actual damages, punitive damages, and attorney's fees as this Court may grant against the Defendants, Celco Partnership d/b/a Verizon Wireless (hereinafter "Celco Partnership" and/or the "Defendant"), Bell Atlantic Mobile of Massachusetts Corporation, Ltd. d/b/a Verizon Wireless (hereinafter "Bell Atlantic" and/or the "Defendant"), Afni, Inc. (hereinafter "Afni, Inc." and/or the "Defendant"), and Collecto, Inc. d/b/a Collection Company of America (hereinafter "Collecto" and/or the "Defendant"), and in support of such Complaint respectfully submits to this Court the following:

## NATURE OF THIS ACTION

1. This action is brought by the Plaintiff, on his information and belief, to seek redress for the Defendants' pattern that they have exhibited and practice of collecting and/or attempting to collect debts in violation of the automatic stay.

2. The Plaintiff seeks to recover his actual damages resulting from violation of the automatic stay and attorney's fees allowable under 11 U.S.C. §362(h).

3. Furthermore, the Plaintiff seeks imposition of punitive damages on the Defendants pursuant to 11 U.S.C. §362(h).

## JURISDICTION AND VENUE

4. The matters raised by this Adversary Proceeding Complaint are core proceedings.

5. This Court has jurisdiction over this matter under 28 U.S.C. §157(b) and 1334(b) and 11 U.S.C. §§ 362, 524, and 105 as well as the automatic order of reference pursuant to Rule 201 of the Local Rules of the United States District Court for the District of Massachusetts.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

## PARTIES

7. The Plaintiff, Mr. Keith A. Baker, is an individual residing at 477 Bullard Street, Holden, MA 01520.

8. On information and belief the Defendants are:

    a) Celco Partnership d/b/a Verizon Wireless, a Delaware general partnership with its principal place of business at 180 Washington Valley Road, Bedminster, NJ 07921. On information and belief, Celco Partnership also does business in Massachusetts at 400 Friberg Parkway, Westborough, MA 01581;

    b) Bell Atlantic Mobile of Massachusetts Corporation, Ltd. d/b/a Verizon Wireless is a Massachusetts corporation and a wholly owned subsidiary of Celco Partnership, with its principal place of business at 180 Washington Valley Road, Bedminster, NJ 07921.

On information and belief, Bell Atlantic of Massachusetts Corporation also has a principal place of business in Massachusetts at 400 Friberg Parkway, Westborough, MA 01581;

c) Afni, Inc., on information and belief, is an Illinois corporation with its principal place of business at 404 Brock Drive, Bloomington, IL 61702-3097; and

d) Collecto, Inc. d/b/a Collection Company of America, is a Massachusetts Corporation with a principal place of business at 700 Longwater Drive, Norwell, MA 02061.

### FACTUAL ALLEGATION

9. On August 30, 2004, (hereinafter the "Petition Date") Mr. Baker filed his Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the District of Massachusetts, Docket #: 04-44906-JBR.

10. On September 6, 2004, the Bankruptcy Court issued a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines (hereinafter the "Notice of Bankruptcy").

11. The Debtor listed on his Schedule F the amount of $170.15 owed to Verizon Wireless (hereinafter the "Pre-petition Debt").

12. The Debtor's Schedule F also listed the last four digits of the Debtors account number with Verizon Wireless.

13. The Notice of Bankruptcy was served on September 9, 2004, on Verizon Wireless at P.O. Box 489, Newark, NJ 07101-0489.

14. The Notice of Bankruptcy was also forwarded by electronic transmission on September 6, 2004, to AFNIVZWIRE.COM for Verizon Wireless. The receipt of electronic Notice of Bankruptcy was acknowledged by Afni, Inc.

15. Post Office Box 489 in Newark, NJ 07101-0489 is controlled by Celco Partnership d/b/a Verizon Wireless.

16. On information and belief, Celco Partnership received such Notice of Bankruptcy in

Mr. Baker's case on or about September 6, 2004.

17. On information and belief, Bell Atlantic received the Notice of Bankruptcy in Mr. Baker's case on or about September 6, 2004, or shortly thereafter.

18. On information and belief, Afni, Inc. received the Notice of Bankruptcy case in Mr. Baker's case on or about September 6, 2004, or shortly thereafter.

19. On information and belief, Celco Partnership received the Notice of Bankruptcy in Mr. Baker's case on or about September 6, 2004, or shortly thereafter.

20. On information and belief, Celco Partnership had actual notice of Mr. Baker's Bankruptcy proceedings no later than September 15, 2004.

21. On information and belief, Bell Atlantic had actual notice of Mr. Baker's Bankruptcy proceedings no later than September 15, 2004.

22. On information and belief, Afni, Inc. had actual notice of Mr. Baker's Bankruptcy proceedings on September 6, 2004.

23. On information and belief, Afni, Inc. has provided additional notices of Mr. Baker's Bankruptcy proceedings to Celco Partnership.

24. On information and belief, Afni, Inc. has provided additional notice of Mr. Baker's Bankruptcy proceedings to Bell Atlantic.

25. After being notified of Mr. Baker's Bankruptcy, Bell Atlantic continued to collect and/or attempted to collect the Pre-petition Debt from Mr. Baker.

26. On information and belief, Celco Partnership continued to collect and/or attempted to collect the Pre-petition Debt from Mr. Baker.

27. On information and belief, Afni, Inc. continued to collect and/or attempted to collect the Pre-petition Debt from Mr. Baker.

28. On or about November 4, 2004, Bell Atlantic forwarded to Collecto the Pre-petition

Debt of Mr. Baker to Verizon Wireless for the purposes of undertaking collection activities. On information and belief, Collecto had actual notice of Mr. Baker's Bankruptcy proceedings.

29. On information and belief, Collecto attempted to collect the Pre-petition Debt from Mr. Baker by making phone calls to Mr. Baker's residence and by sending collection letters to Mr. Baker's residence.

30. As a result of such actions Mr. Baker suffered actual damages, including emotional distress, mental anguish and attorney's fees.

### COUNT I
### (CELCO PARTNERSHIP)

### WILLFUL VIOLATION OF THE AUTOMATIC STAY
### PROVISIONS OF 11 U.S.C. §362

31. The Plaintiff incorporates §§ 1 through 30 above.

32. The Defendant, Celco Partnership, had actual notice that Mr. Baker had filed his Bankruptcy Petition.

33. The Defendant, Celco Partnership, had actual notice that the filing of the Bankruptcy Petition by Mr. Baker operated as an automatic stay pursuant to 11 U.S.C. §362(a).

34. The Defendant, Celco Partnership, did not seek relief from the automatic stay pursuant to 11 U.S.C. §362(d).

35. The Defendant, Celco Partnership, intentionally undertook actions to collect debt from Mr. Baker at the time when the automatic stay was in effect.

36. As a result of Celco Partnership's actions in violation of the automatic stay, Mr. Baker suffered actual damages, including emotional distress and mental anguish, and attorney's fees.

*WHEREFORE*, the Plaintiff respectfully requests this Court to enter judgment in favor of the Plaintiff against the Defendant, Celco Partnership, on all counts as follows:

      a) Assessing actual damages against the Defendant, Celco Partnership, for willful violation of the automatic stay;

      b) Assessing punitive damages against Defendant, Celco Partnership, in an amount which the Court deems appropriate for the Defendant Celco Partnership's willful violation of the automatic stay;

      c) Awarding the Plaintiff reasonable attorney's fees and costs; and

      d) Granting such other and further relief as this Court deems just and appropriate.

## COUNT II
## (BELL ATLANTIC)

### WILLFUL VIOLATION OF THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. §362

37. The Plaintiff incorporates §§ 1 through 36 above.

38. The Defendant, Bell Atlantic, had actual notice that Mr. Baker had filed his Bankruptcy Petition.

39. The Defendant, Bell Atlantic, had actual notice that the filing of the Bankruptcy Petition by Mr. Baker operated as an automatic stay pursuant to 11 U.S.C. §362(a).

40. The Defendant, Bell Atlantic, did not seek relief from the automatic stay pursuant to 11 U.S.C. §362(d).

41. The Defendant, Bell Atlantic, intentionally undertook actions to collect debt from Mr. Baker at the time when the automatic stay was in effect.

42. As a result of Bell Atlantic's actions in violation of the automatic stay, Mr. Baker suffered actual damages, including emotional distress and mental anguish, and attorney's fees.

*WHEREFORE*, the Plaintiff respectfully requests this Court to enter judgment in favor of the Plaintiff against the Defendant, Bell Atlantic, on all counts as follows:

a) Assessing actual damages against the Defendant, Bell Atlantic, for willful violation of the automatic stay;

b) Assessing punitive damages against Defendant, Bell Atlantic, in an amount which this Court deems appropriate for the Defendant Celco Partnership's willful violation of the automatic stay;

c) Awarding the Plaintiff reasonable attorney's fees and costs; and

d) Granting such other and further relief as this Court deems just and appropriate.

## COUNT III
## (AFNI, INC.)

## WILLFUL VIOLATION OF THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. §362

43. The Plaintiff incorporates §§ 1 through 42 above.

44. The Defendant, Afni, Inc., had actual notice that Mr. Baker had filed his Bankruptcy Petition.

45. The, Defendant Afni, Inc., had actual notice that the filing of the Bankruptcy Petition by Mr. Baker operated as an automatic stay pursuant to 11 U.S.C. §362(a).

46. The Defendant, Afni, Inc., did not seek a relief from the automatic stay pursuant to 11 U.S.C. §362(d).

47. The Defendant, Afni, Inc., intentionally undertook actions to collect debt from Mr. Baker at the time when the automatic stay was in effect.

48. As a result of Afni, Inc.'s actions in violation of the automatic stay, Mr. Baker suffered actual damages, including emotional distress and mental anguish, and attorney's fees.

*WHEREFORE*, the Plaintiff respectfully requests this Court to enter judgment in favor of the Plaintiff against the Defendant, Afni, Inc., on all counts as follows:

      a) Assessing actual damages against the Defendant, Afni, Inc., for willful violation of the automatic stay;

      b) Assessing punitive damages against Defendant, Afni, Inc., in an amount which this Court deems appropriate for the Defendant Celco Partnership's willful violation of the automatic stay;

      c) Awarding the Plaintiff reasonable attorney's fees and costs; and

      d) Granting such other and further relief as this Court deems just and appropriate.

## COUNT VI
### (COLLECTION COMPANY OF AMERICA)

### WILLFUL VIOLATION OF THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. §362

49. The Plaintiff incorporates §§ 1 through 48 above.

50. The Defendant, Collecto, had actual notice that Mr. Baker had filed his Bankruptcy Petition.

51. The Defendant, Collecto, had actual notice that the filing of the Bankruptcy Petition by Mr. Baker operated as an automatic stay pursuant to 11 U.S.C. §362(a).

52. The Defendant, Collecto, did not seek a relief from the automatic stay pursuant to 11 U.S.C. §362(d).

53. The Defendant, Collecto, intentionally undertook actions to collect debt from Mr. Baker at the time when the automatic stay was in effect.

54. As a result of Collecto's actions in violation of the automatic stay, Mr. Baker suffered actual damages, including emotional distress and mental anguish, and attorney's fees.

*WHEREFORE*, the Plaintiff respectfully requests this Court to enter judgment in favor of the Plaintiff against the Defendant, Collecto, on all counts as follows:

a) Assessing actual damages against the Defendant, Collecto, for willful violation of the automatic stay;

b) Assessing punitive damages against Defendant, Collecto, in an amount which this Court deems appropriate for the Defendant Collecto's willful violation of the automatic stay;

c) Awarding the Plaintiff reasonable attorney's fees and costs; and

d) Granting such other and further relief as this Court deems just and appropriate.

KEITH A. BAKER, by his attorney:

/s/ Vladimir von Timroth

Vladimir von Timroth, Esq., BBO #643553
Carl D. Aframe, Esq., BBO #012780
Aframe, Barnhill, & von Timroth P.A.
370 Main Street, Suite 975
Worcester, MA 01608
(508) 756-6940
(508) 753-8219 Fax
vontimroth@aframebarnhill.com

Dated: 4/27/05